IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLIE BURTON, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00779-FB-ESC |
| | § | |
| vs. | § | |
| | § | |
| SCHINDLER ELEVATOR | § | |
| CORPORATION, and DOW-CON, INC, | § | |
| PROVIDENT REALTY ADVISORS, | § | |
| INC, PRA CONSTRUCTION, L.P., | § | |
| PRA-SE CONSTRUCTION, L.P., | § | |
| PROVIDENT GENERAL | § | |
| CONTRACTORS, LLC, FAIRHAVEN | § | |
| PROPERTIES, LLC, JOHN DOE, and | § | |
| CURRENTLY UNIDENTIFIED | § | |
| PARTIES, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Leave to File

Amended Complaint [#18], which was referred to the undersigned for disposition pursuant to

Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for

the Western District of Texas. The undersigned has authority to enter this recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that

Plaintiff's motion be denied.

**I. Procedural Background**

This case arises out of personal injuries sustained by Plaintiff Charles Burton ("Plaintiff")

while in the course and scope of his employment for a general contractor at a commercial

construction site in San Antonio, Texas. (Pl.'s Org. Pet. [#1-1] at 3.) According to the Original

Petition filed in state court, Plaintiff was injured in an elevator, installed by Defendant Schindler Elevator Corporation ("Schindler"), Plaintiff filed this action alleging that Schindler's negligence caused his injuries.

After Schindler removed the lawsuit to this Court, Plaintiff attempted to file a first amended complaint, but he received a deficiency notice directing him to file a motion for leave to amend [#9]. Plaintiff then attempted to file a motion for leave to amend, but it received a deficiency notice for failure to include a certificate of service and certificate of conference [#14].

Finally, Plaintiff filed the amended Motion for Leave to File Amended Complaint currently before the Court seeking to add several new defendants to this action and an additional claim for punitive damages [#18]. Schindler opposes amendment on the following grounds: (1) the claims asserted against the newly added defendants would be untimely; (2) the new claim against Schindler for punitive (or exemplary) damages is facially inadequate under Rule 12(b)(6) and therefore futile; and (3) Plaintiff has repeatedly failed to cure deficiencies in previous attempts to amend, including by making an inaccurate certification of conference [#21].

## II. Legal Standards

The grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). However, leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). In evaluating the propriety of an amendment, the district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting leave to amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

For the purposes of the futility analysis, courts apply the same standard of legal sufficiency applicable to a motion to dismiss under Rule 12(b)(6). *Id.* (internal quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570. When the issue is a

statute of limitations defense, the court may only order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III. Analysis

The Court should deny Plaintiff's request for leave to amend because granting Plaintiff leave would be futile. First, his proposed claims against the proposed additional defendants are time-barred by the statute of limitations, and his amended pleading does not satisfy notice requirements imposed by Rule 15 for relation-back purposes. Further, Plaintiff has not alleged sufficient facts to support his proposed new claim for punitive damages against Schindler.

**A.      Plaintiff's claims against proposed additional defendants are time-barred by the statute of limitations and are therefore futile.**

Plaintiff's proposed amendment seeks to add "Dow-Con, Inc., Provident Realty Advisors, Inc., PRA Construction, L.P., PRA-SE Construction, L.P., Provident General Contractors, LLC, Fairhaven Properties, LLC, John Doe, and any other unidentified parties" as additional defendants to his complaint [#18-1].  Schindler opposes Plaintiff's motion for leave to amend on the basis that it was untimely filed.  Texas law imposes a  two-year statute of limitations for personal injury claims.  Tex. Civ. Prac. & Rem. Code § 16.003. Schindler points out that Plaintiff's proposed amendment is therefore more than a month late. The undersigned agrees.

According to the Original Petition, Plaintiff alleges that his injury occurred on October 24, 2017.  (Pl.'s Org. Pet. [#1-1] at 3.)  Therefore, the limitations period for his claims expired on

October 24, 2019.  The proposed First Amended Complaint was filed on December 5, 2019,[1]

more than one month beyond limitations, and therefore it is untimely.

The relation-back doctrine does not apply to render this otherwise untimely filing timely.

Federal Rule of Civil Procedure 15(c) governs the "relation back" of amendments to the original

pleading.  *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010).  The relation-back

doctrine allows a party to amend its pleading to add a new party or a new claim or defense to an

otherwise untimely claim and treats the amended pleadings as if it had been filed when the

original pleading was filed.  *See id.*  When an amended complaint relates back, the party avoids

the preclusive effect of the statute of limitations that would otherwise bar the parties or claims

added in the amended complaint.  *See id.* at 541.  In a situation involving the addition of a new

party, an amended pleading relates back to the date of the original pleading when the

requirements of Rule 15(c)(1)(C) are met.

In this case, Plaintiff's amended pleading seeks to name additional parties, and thus, for

relation back to be proper, Plaintiff must (1) amend its pleading to bring in the proper parties, (2)

satisfy the "same conduct, transaction, or occurrence" requirement under Rule 15(c)(1)(B), and

(3) satisfy certain notice requirements for the party being brought in.  *See* Fed. R. Civ. Pro.

15(c)(1)(C).  The notice requirements are satisfied if, within the 90 days permitted under Rule

4(m) for service of the summons and complaint, the party brought in by amendment (1) received

enough notice of the suit that it would not be prejudiced in defending on the merits, and (2) knew

or should have known that the suit would have been brought against it but for a mistake in

identifying the proper party. *See id.*

---

[1] Plaintiff had attempted to file amended pleadings earlier, but they were rejected as deficient by the Clerk's office because they were not accompanied by a motion for leave to amend, and because they did not comply with other filing requirements.

Here, Plaintiff cannot satisfy the notice requirements that would allow this amended pleading to relate back to the date of the original pleading. The 90-day period allowed by Rule 15(c)(1)(C) for potential defendants to receive notice expired on September 9, 2019, which is 90 days after June 10, 2019, the date Plaintiff filed this lawsuit. Even Plaintiff's earliest attempt to amend his pleading and add the new defendants (on October 23, 2019) was outside of the 90-day notice period. Thus, Plaintiff cannot satisfy the requirements of Rule 15 for relating back. Plaintiff's claims against the newly added defendants are barred by the statute of limitations. For this reason, granting Plaintiff motion for leave to amend would be futile and should be denied.

**B.       Plaintiff's proposed punitive damages claim is inadequately pleaded.**

Plaintiff's proposed amended complaint also seeks to add a claim for punitive damages against Schindler. This proposed amendment is also futile because Plaintiff fails to state a claim upon which relief can be granted and, thus, would not survive a motion to dismiss under Rule 12(b)(6).

Plaintiff's Original Petition sues Schindler for personal injury due to Schindler's alleged negligence, negligence per se, and vicarious liability. (Pl.'s Org. Pet. [#1-1] at 3-5.) Plaintiff's proposed amended complaint reiterates the same factual allegations against Schindler and adds a claim for punitive (or exemplary) damages stating, "Defendant's conduct alone and in combination additionally rose to the level at which exemplary damages should be assessed by the Jury, for which Plaintiff seeks recovery." (Pl's Am. Compl. [#18-1] at 7.) Pursuant to Texas Civil Practice and Remedies Code § 41.003, exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery results from fraud, malice, or gross negligence. *See* Tex. Civ. Prac. & Rem. Code § 41.003. Gross negligence "involves an extreme degree of risk considering the

probability and magnitude of the potential harm to others," of which the actor has "actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem. Code § 41.001(11). Malice means a "specific intent by the defendant to cause substantial injury or harm to the claimant." Tex. Civ. Prac. & Rem. Code § 41.001(7).

Here, Plaintiff's proposed amended complaint does not contain any factual allegations, which if taken as true, would prove Plaintiff's harm resulted from Schindler's malice or gross negligence. Plaintiff did not specify a legal theory that would form the basis for an award of punitive damages, such as gross negligence or malice, nor did he assert any facts that would support a specific intent by Schindler to harm Plaintiff. Plaintiff's proposed amended complaint does not provide "sufficient factual matter" to allow anything other than speculation that Schindler was grossly negligent or malicious. *Twombly*, 550 U.S. at 555-56.

Because Plaintiff's proposed claim for punitive damages would be subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, granting him leave to amend would be futile. For the aforementioned reasons, the Court should deny Plaintiff's motion for leave to amend.

### IV.  Conclusion and Recommendation

Having considered Plaintiff's motion, his proposed amendment, his prior pleadings, and Schindler's response, the undersigned recommends Plaintiff's Motion for Leave to File Amended Complaint [#18] be **DENIED**.

### V.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of March, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE